UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

JOHN HOCKENJOS, JR. and IRINA PARAMONOVA
HOCKENJOS,                                                              :    __-CV-____
                                                                       :    (_____)
                                       Plaintiffs,                     :
                   -against-                                           :
                                                                       :    **COMPLAINT**
THE CITY OF NEW YORK, POLICE OFFICER DIEGO            :
PALACIOS, SEARGENT "JOHN SMITH" PAL, POLICE          :
COMMISSIONER RAYMOND W. KELLY, and VARIOUS    :
JOHN/JANE DOES, INDIVIDUALLY AND IN THEIR             :
OFFICIAL CAPACITIES AS EMPLOYEES OF THE                :
CITY OF NEW YORK WHO ARE/WERE MEMBERS OF       :    **JURY TRIAL**
THE POLICE DEPARTMENT OF THE CITY OF NEW           :    **DEMANDED**
YORK,                                                                  :
                                                                       :
                                       Defendants.                     :
-------------------------------------------------------------------------------X

        Plaintiffs John Hockenjos, Jr. and Irina Paramonova Hockenjos, by and through

their attorney, John F. Schutty of The Law Office of John F. Schutty, P.C., complaining

of the Defendants, respectfully alleges:

                          **JURISDICTION & VENUE**

        1.      This action arises under the Constitution of the United States, particularly

the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the

United States through the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988, as well as

Article I, §§ 1, 5, 6, 9 and 11 of the New York State Constitution, for the violation of

Plaintiffs' civil rights.

        2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and

1343.

3.      This Court also has supplemental, ancillary and pendant jurisdiction to adjudicate all claims asserted under state law herein under 28 U.S.C §§ 1367.

4.      The acts and transactions constituting the civil rights violations occurred in the County of Kings and within the confines of the United States District Court for the Eastern District of New York.  In addition, Defendants reside, are found, have agents, or transact their affairs in the Eastern District of New York.  Venue is therefore, proper in the Eastern District pursuant to 28 U.S.C. §§ 1391 (b).

## THE PARTIES

5.      Plaintiffs were, at the time of the acts alleged herein, citizens of the United States and residents of the County of Kings, residing at 2368 East 23rd Street, Brooklyn, NY 11229.

6.      At all times referred to herein, Defendant The City of New York ("City") was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York, and situated within the Southern District of New York.

7.      At all times referred to herein, the Police Department of the City of New York (hereinafter "NYPD") was and still is an agency or instrumentality of the City.  The NYPD did not and does not have a legal identity separate and apart from Defendant City.

8.      At all times referred to herein, Defendant Diego Palacios [NYPD Badge # Z3465] (hereinafter "Palacios") and Defendant "John Smith" Pal (hereinafter "Pal"), [NYPD Badge #3380] were employed by the Defendant City as police officers within the 61st Precinct, 2575 Coney Island Avenue, Brooklyn, NY 11223.  Upon information and belief, Defendant Pal was a supervisory officer.

9.      At all times referred to herein, Defendant Raymond W. Kelly (hereinafter "Kelly") was employed by the Defendant City as its Police Commissioner, the most senior official and policy maker within the NYPD.

10.      At all times referred to herein, various John/Jane Doe NYPD Police Officers (hereinafter collectively referred to as the "NYPD John/Jane Does"), were employed by the NYPD as police officers, supervisors, and/or policy makers within the NYPD.

11.      At all times referred to herein, Defendants Palacios, Pal, Kelly, and various NYPD John/Jane Does, individually and in their official capacities as employees of the City of New York, who are/were members of the NYPD, were employed by Defendant City and were involved in acts and/or omissions relating to the arrest and/or imprisonment of Plaintiffs.

12.      Upon information and belief, and at all relevant times, Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, individually and in their official capacities as employees of the City of New York, who are/were members of the NYPD, were employed by the Defendant City, and acted at all times within the scope of their employment for the Defendant City.

13.      At all times referred to herein, Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, individually and in their official capacities as employees of the City who are/were members of the NYPD, were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City and State of New York and under the authority of Defendant City.

14.     At all times referred to herein, Defendant City, and its agents, servants and representatives, including Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, individually and in their official capacities as employees of the City who are/were members of the NYPD, were responsible for the unbiased investigation of crimes, the apprehension of proper suspects, the weighing of evidence, the pursuit and study of physical evidence, and the providing of accurate information for prosecution to the Kings County District Attorney's Office and other prosecutorial authorities; these Defendants were also responsible for other functions, including protecting individuals, giving truthful evidence, revealing exculpatory evidence (and refraining from withholding or falsifying evidence), making further inquiry when reasonable in a criminal and/or official misconduct investigation (and not deviating from accepted practices in that regard), and preserving, storing, and producing critical evidence resulting from a criminal investigation and/or conviction and/or official misconduct investigation upon request; these Defendants were obliged to perform all these functions in accordance with the Constitutions and laws of the State of New York and the United States to ensure that innocent people are not arrested, prosecuted, convicted and incarcerated unjustly.

## NOTICE OF CLAIM & ARTICLE 50(H) HEARING

15.     Plaintiffs served written Notice of Claim upon the City and NYPD on or about May 2, 2012.  More than thirty (30) days have passed since the service and filing of said Notice and the claim has not been settled or otherwise resolved.

16.     On December 11, 2012, Plaintiffs appeared and answered questions posed by counsel for the City at a hearing held pursuant to Section 50-H of the General

Municipal Law.  The City has assigned Claim No. 2012PI011723 to the claim of John

Hockenjos, Jr. and Claim No. 2012PI031170 to the claim of Irina Hockenjos.

17.      Plaintiffs have satisfied all conditions precedent for the filing of the within

action.

## INTRODUCTION TO THE CLAIM

18.      Plaintiff John Hockenjos, Jr. was released from jail on February 7, 2012

after a three day incarceration for a crime that he did not commit.  He was processed as a

prisoner (strip-searched and his body cavities checked for contraband), transferred

between three facilities and subsequently released from "Riker's Island" after the three

day, two night incarceration.  The People of the State of New York alleged that John

Hockenjos, Jr. recklessly endangered the life of Defendant Palacios with an automobile,

based on the sworn claims of Palacios.  Plaintiff John Hockenjos, Jr. was charged with

the following crimes: "PL 120.25 Reckless Endangerment in the First Degree," "PL

120.20 Reckless Endangerment in the Second Degree," and "VTL 1212 Reckless

Driving."

19.      Specifically, Defendant Palacios set forth the following in a sworn

criminal complaint dated February 5, 2012:

> Police Officer Diego Palacios Shield No. Z3465 of 061 Command says that
> on or about February 05, 2012 at approximately 06:00 pm at 2368 East 23
> Street County of Kings, State of New York,
>
> The Defendant [John Hockenjos] commited [sic] the Offense(s) of:
>
> PL  120.25      Reckless Endangerment in the First Degree (DQO)
> PL  120.20      Reckless Endangerment in the Second Degree (DQQ)
> VT  1212        Reckless Driving
>
> In that Defendant did:

Recklessly engage in conduct which created a substantial risk of serious physical injury to another person; recklessly engage in conduct which created a grave risk of death to another person; drive or use any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interfered with the free and proper use of the public highway, or unreasonably endangered users of the public highway.

The source of Deponent's information and the grounds for Deponent's belief are as follows:

Deponent [Palacios] states that, at the above place and time, Defendant [John Hockenjos] did drive a 4 door sedan, at a high rate of speed, into a driveway, towards Deponent.

Deponent further states that the Deponent had to jump out of the way to avoid being hit by Defendant's vehicle and that Defendant did not signal to Deponent, in any way, to avoid being hit.

Deponent further states that Defendant did yell, scream and curse at Deponent stating in sum and substance, get the fuck out of my driveway.

Deponent further states that after repeated orders to stop yelling and screaming, Defendant continued yelling and screaming at Deponent.

Sworn Criminal Complaint Police Officer Diego Palacios dated February 5, 2012.

20.     Other than the sworn complaint/testimony of Defendant Palacios, no other evidence corroborated the criminal charges.

21.     A videotape of the entire incident, purportedly described within the complaint/testimony filed by Defendant Palacios, shows that the account of the incident provided by Palacios was wholly and materially fabricated to injure Plaintiffs.

## FACTUAL AND PROCEDURAL BACKGROUND

22.     On February 5, 2012, Plaintiff John Hockenjos, Jr., was fifty-six (56) years old and was employed by the Metropolitan Transportation Authority (MTA) – Metro-North Railroad [since December 28, 1998 – over 13 years] as a "Senior Engineer Scope Development."  His wife of fifteen (15) years [married August 31, 1996], Plaintiff

Irina Hockenjos, was/is a homemaker.  On February 5, 2012, Plaintiffs were living together in a private, detached home they owned at 2368 East 23rd Street, Brooklyn, NY 11229 since October 23, 1997 (over 14 years).

23.     In the days, weeks and months prior to February 5, 2012, Plaintiffs frequently asked the Mayor of the City of New York (via emails and telephone calls to his appointed agents) and the NYPD (61st Precinct and Command Headquarters), to no avail, to investigate criminal acts and/or official misconduct by police perpetrated on or near their real property at 2368 East 23rd Street in Brooklyn.  Among other things, Plaintiffs' automobiles were vandalized, third-parties had trespassed on Plaintiffs' property, and Plaintiff Irina Hockenjos was assaulted by a known third-party (events that Plaintiffs advised the NYPD that they could substantiate because most of these events had been recorded by a surveillance camera).  Despite repeated requests by Plaintiffs to the NYPD's 61st Precinct -- that a police report be completed and filed regarding these incidents and others -- the Mayor, the NYPD's 61st Precinct and the NYPD's Command Headquarters refused to record Plaintiff's criminal complaints.

24.     For example, on or about January 9, 2012, Plaintiffs sent a letter to the NYPD Police Commissioner, Defendant Kelly, complaining about the refusal of the NYPD's 61st Precinct to take any action on Plaintiffs' criminal complaints.  Among other things, Plaintiffs stated that the failure of the NYPD's 61st Precinct (ex-Deputy Inspector Georgios Mastrokostas), over one year earlier, to take appropriate action on their behalf "left us vulnerable to continued attacks" and certainly implied that Plaintiffs "were being marked or labeled by the Precinct."  No response to this latter letter was ever dispatched to Plaintiffs by Defendant Kelly.   In short, the NYPD repeatedly refused to entertain or

record the criminal complaints of Plaintiffs, the NYPD repeatedly ignored Plaintiffs, on both a local (subordinate) and senior level, and left Plaintiffs with the feeling that the officers within the 61st Precinct were out more to "hurt" Plaintiffs than to "help and protect" Plaintiffs.

**A.  The "Incident" of February 5, 2012**

25.     February 5, 2012 began as a very uneventful day for Plaintiffs – during the afternoon, they visited the gravesite of a grandparent and purchased groceries at a number of local stores.

26.     When Plaintiffs returned to their home at 2368 East 23rd Street, Brooklyn, New York, at approximately 6 p.m., however, three (3) men were standing on Plaintiff's driveway, depriving Plaintiffs of the ability to drive their car completely onto their property.

27.     Plaintiffs slowly proceeded up their driveway, stopped their car, and calmly exited it; Plaintiffs approached the two uniformed men, Defendants Palacios and Pal, and a third-party, and inquired why these individuals were standing on their driveway/property.  Plaintiffs explained that they had obtained a restraining order against the third-party (then present on the driveway) and advised that this third-party was not allowed to interfere with Plaintiff's ownership and use of the driveway.

28.     Defendant Palacios and Pal, refused to leave Plaintiffs' property and, instead, insisted that they were conducting "an investigation" and that Plaintiffs had to produce their driver's licenses.

29.     Defendant Pal confronted Plaintiff Irina Hockenjos and physically separated her from her husband; suddenly, Defendant Pal began to yell and scream at

Plaintiff Irina Hockenjos in an intimidating manner while standing as close as five inches from her face shouting, "This is an investigation, Madam!"  Defendant Pal thereafter made an emergency distress call for additional police officers; two of the newly-arrived Defendant "John Doe" police officers then improperly approached, touched, assaulted and battered Plaintiff Irina Hockenjos without cause.

**B.**     **John Hockenjos Is Wrongfully Handcuffed, Arrested & Imprisoned**

30.     On his own property, Plaintiff John Hockenjos, Jr. was kept away from his wife against his will and, when he objected to the treatment that his wife was receiving, he was ultimately told that he was under arrest and was placed in handcuffs.  He was not told what crime he allegedly had committed.  He was brought to the NYPD's 61st Precinct and was photographed, fingerprinted and otherwise processed as a criminal. While imprisoned at the 61st Precinct, Plaintiff John Hockenjos, Jr. was ridiculed and mocked by Defendant Pal.

31.     A criminal complaint was filed against Plaintiff John Hockenjos, Jr. by Defendant Palacios in which Palacios wrongfully claimed that John Hockenjos, among other things, "recklessly engage[d] in conduct which created a grave risk of death to another person…[and that Palacios] had to jump out of the way to avoid being hit by Defendant's vehicle."

32.     Defendant Pal, a senior officer to Defendant Palacios, did not object or counter the sworn, perjurious statements of Defendant Palacios, although Defendant Pal was present and participated in the events that occurred with Plaintiffs on February 5, 2012 and he was obliged to supervise the activities of Palacios.  Defendant Pal had a

legal obligation to prevent the fabrication of evidence by Defendant Palacios, but he failed to do so.

33.     Plaintiff John Hockenjos, Jr. was wrongfully imprisoned for three days and two nights at three different locations as a result of the fabrication of evidence and concealment of the truth by Defendants Palacios and Pal.

34.     Upon information and belief, Defendant Palacios testified before a Grand Jury on or about February 8, 2012 and, again, wrongfully claimed that Plaintiff John Hockenjos ""recklessly engage[d] in conduct which created a grave risk of death to another person…[and that Palacios] had to jump out of the way to avoid being hit by Defendant's vehicle."

**C.     Irina Hockenjos Is Charged with "Disorderly Conduct"**

35.     Plaintiff Irina Hockenjos, after being unlawfully touched, assaulted, battered, restrained and separated from her husband on February 5, 2012, was charged with "disorderly conduct" and issued Summons No. 4334646347 (Kings County Docket No. 2012SK033746).

**D.     NYPD Officials Made No Attempt to Corroborate the
         Summons & Criminal Complaint Filed by Defendant Palacios**

36.     Defendants Pal and Kelly, along with certain John/Jane Doe NYPD Defendants, ignored or refused to examine evidence that would prove that the criminal charges asserted against Plaintiffs were false; these officials otherwise concealed evidence that might have proved Plaintiffs' innocence.

**D.     Plaintiffs Produce a Surveillance Videotape that Conclusively
         Shows that Defendant Palacios Filed a False Criminal Complaint &
         Committed Perjury in Filing Criminal Charges Against Plaintiffs**

37.     On February 10, 2012, through their criminal defense counsel, Plaintiffs presented the District Attorney of Kings County with a "time stamped" videotape taken from a night-vision, surveillance camera that Plaintiffs had in place in the area of their driveway at 2368 East 23rd Street, Brooklyn, New York, on February 3, 2012 ("the videotape").

38.     The videotape showed and shows conclusively that the sworn claims made by Defendant Palacios in filing criminal charges against Plaintiffs had no basis in either fact or law.

39.     After a flurry of news articles on the false charges filed by Defendant Palacios against Plaintiffs, on February 28, 2012, the District Attorney of Kings County agreed to dismiss the criminal charges asserted against Plaintiff John Hockenjos, Jr..

40.     Several weeks later, the District Attorney of Kings County agreed to dismiss the disorderly conduct charge asserted against Irina Hockenjos.

41.     On or about May 31, 2012, Defendant Palacios was arrested and charged with the following crimes: (a) "PL 175.35 Offering a False Instrument for Filing in the First Degree" (2 Counts – E Felony), (b) "PL 175.10 Falsifying Business Records in the First Degree (2 Counts – E Felony), (c) "PL 195.00 Official Misconduct" (1 Count – A Misdemeanor),  (d) 210.05 Perjury in the Third Degree (1 Count – A Misdemeanor), and (e) "PL 210.35 Making an Apparently Sworn False Statement in the Second Degree" (1 Count – A Misdemeanor).

42.     We now know that Plaintiffs were improperly and unlawfully charged with crimes that they did not commit, and that they were wrongfully touched, assaulted, battered and imprisoned in violation of the laws of the United States.  The Defendants'

conduct demonstrates that the Defendants acted intentionally with malice, or with a reckless and deliberate disregard for Plaintiffs' constitutional rights -- during Defendants' investigation of the alleged crimes, during Defendants' prosecution of Plaintiffs at pretrial hearings, and during the incarceration of Plaintiff John Hockenjos, Jr.

E.      **Plaintiffs' Damages**

43.     Plaintiffs suffered substantial injuries and/or damages as a result of their assault, battery, arrest, criminal proceedings and/or incarceration, including but not limited to the following: months of physical suffering, pain, mental anguish, emotional distress, nervousness, depression, sleep disturbance, shame, embarrassment and humiliation caused by the incident of February 5, 2012 and their arrest and the loss of freedom; loss of enjoyment of life; injury to reputation; loss of friends; loss of family company during incarceration; psychological injury; loss of earnings/pecuniary loss; loss of consortium, and the reasonable and necessary expenses associated with the defense they were compelled to present in their criminal proceedings (including, but not limited to, attorneys' fees).

## LEGAL CLAIMS

### FEDERAL LAW CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### AGAINST INDIVIDUAL NYPD DEFENDANTS
### FOR THEIR WRONGFUL VIOLATION OF
### PLAINTIFFS' CIVIL RIGHTS UNDER COLOR OF STATE LAW

44.     Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 43, inclusive, with the same force and effect as if set forth at length herein.

45.     Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, acting within the scope of their employment and under color of state law, created, manufactured and filed false criminal charges against Plaintiffs

46.     Defendants Palacio, Pal and Kelly, and various NYPD John/Jane Does, committed these and other acts intentionally and/or with reckless disregard to Plaintiffs' clearly established constitutional rights.  These actions were taken despite the fact that Plaintiffs were completely innocent of any crime.  No reasonable police officer would have believed that Plaintiffs had committed any crime.

47.     Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, acting within the scope of their employment and under color of state law, deliberately failed to disclose to the Kings County District Attorney's Office material information that would have established Plaintiffs' innocence and, instead, filed wholly false statements to construct a fictitious criminal complaint against each Plaintiff

48.     The aforesaid conduct operated, *inter alia*, to deprive Plaintiffs of important and well established rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the

Constitution of the State of New York, including Plaintiffs' right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, their right to be free from bad-faith prosecution, their right not to be subject to an unreasonable search and seizure, their right to a fair trial, their right to freedom from the deprivation of liberty without due process of law, and their right to be free from cruel and unusual punishment.

49.     Due to the unconstitutional misconduct of Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, Plaintiffs suffered a wrongful imprisonment and endured substantial physical, emotional and pecuniary injuries detailed above.

50.     Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiffs.

51.     Thus, pursuant to 42 U.S.C. § 1983, Plaintiffs now demand judgment against Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), punitive damages, plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

<b>SECOND CAUSE OF ACTION<br>
AGAINST INDIVIDUAL DEFENDANTS PALACIOS<br>
AND PAL FOR THEIR WRONGFUL VIOLATION OF<br>
PLAINTIFFS' CIVIL RIGHTS UNDER COLOR OF STATE LAW<br>
(FALSE ARREST & IMPRISONMENT & MALICIOUS PROSECUTION)</b>

52.     Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 51, inclusive, with the same force and effect as if set forth at length herein.

53.     Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, acting within the scope of their employment and under color of state law, wrongfully arrested and detained Plaintiff John Hockenjos, Jr. and issued a criminal summons against Plaintiff Irina Hockenjos knowing that they did not have probable cause for an arrest, detention and prosecution of Plaintiffs.

54.     The aforesaid conduct operated, *inter alia*, to deprive Plaintiffs of important and well established rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiffs' right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, their right to be free from bad-faith prosecution, their right not to be subject to an unreasonable search and seizure, their right to a fair trial, their right to freedom from the deprivation of liberty without due process of law, and their right to be free from cruel and unusual punishment.

55.     The intentional conduct and/or reckless disregard of Plaintiffs' constitutional rights by Defendants Palacios and Pal, and various NYPD John/Jane Does, make these Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

56.     As a direct and proximate result of the wrongful conduct of Defendants Palacios and Pal, and various NYPD John/Jane Does, Plaintiffs were wrongfully charged with crimes, falsely arrested, falsely imprisoned and maliciously prosecuted.  During all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

57.     Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

58.     Thus, pursuant to 42 U.S.C. § 1983, Plaintiffs now demand judgment against Defendants Palacios and Pal, and various NYPD John/Jane Does, for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), punitive damages, plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**AGAINST DEFENDANT KELLY AND VARIOUS JOHN/JANE NYPD DEFENDANTS FOR WRONGFUL VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF STATE LAW (SUPERVISORY LIABILITY)**

59.     Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 58, inclusive, with the same force and effect as if set forth at length herein.

60.     The acts of Defendant Kelly, and various NYPD John/Jane Does, were committed under their authority as NYPD Commanding Officers vested under and by virtue of the laws of the State of New York; their acts were, therefore, committed under the color of New York State law.

61.     Defendant Kelly, and various NYPD John/Jane Does, knew or should have known of the need for additional screening, training, supervising and disciplining of NYPD personnel to: (a) refrain from ignoring evidence of a criminal defendant's innocence; (b) refrain from misrepresenting withholding or falsifying evidence, (c) exercise care and thoroughness in the investigation and prosecution of a case of a crime involving no other evidence but a bare assertion of a police officer; and (d) refrain from obtaining indictments in bad faith and without probable cause.

62.    Through an intentional and deliberate indifference and/or a reckless disregard of basic civil rights, Defendant Kelly, and various NYPD John/Jane Does, failed to provide adequate screening, training, supervising, and disciplining of NYPD personnel with respect to: (a) misrepresenting, withholding and falsifying evidence, (b) conducting a proper investigation, and (c) obtaining indictments in bad faith without probable cause.  This reckless disregard of basic constitutional rights is evidenced by prior decisions of the courts of the State of New York reporting that the NYPD engaged in various acts of police misconduct and constitutional violations including: withholding exculpatory evidence from accused individuals, acting in a manner to obtain convictions at all costs rather than seeking truth and justice and, generally, in failing to act in a constitutional manner.

63.    Defendant Kelly, and various NYPD John/Jane Does, personally and/or through their authorized delegates, at all relevant times, had final, discretionary authority to promulgate and implement policies and procedures, including policies and procedures as to personnel training and supervision, with respect to the performance of duties by NYPD personnel.

64.    Defendant Kelly, and various NYPD John/Jane Does, were NYPD "policy makers" on behalf of the NYPD and the City; these Defendants acted, however, with a reckless disregard to the constitutional rights of persons coming into contact with the NYPD in the manner set forth above.

65.    Upon information and belief, NYPD personnel have not been disciplined by the NYPD for their misconduct, despite repeated judicial findings that NYPD personnel have engaged in misconduct.

-17-

66.    Defendant Kelly, and various NYPD John/Jane Does, knew or should have known that the need for adequate screening, training, supervising, and disciplining of NYPD personnel was and is compelling because of the overriding credo of NYPD personnel to obtain and sustain convictions at all costs with deliberate and total disregard for the truth and the constitutional rights of the accused.

67.    Specifically, with respect to the NYPD Defendants named in this action, Defendant Kelly and various NYPD John/Jane Does knew or should have known of the inherent risks of permitting the NYPD Defendants named herein to handle this criminal case.

68.    Defendant Kelly, and various NYPD John/Jane Does, knew that police officers in the 61st Precinct would do all in their power to obtain and sustain a criminal arrest and conviction.   This circumstance required an even more heightened and controlled level of supervision which should have been exercised or, alternatively, all conceivable steps should have been taken to ensure that the personnel within the 61st Precinct would act ethically and, specifically, in accordance with their duties as officers of the peace towards Plaintiffs in light of the complaints these Defendants received from Plaintiffs.

69.    However, rather than providing more scrutiny and supervision to avoid such concerns, Defendant Kelly, and various NYPD John/Jane Does, actually fostered and instigated the wrongful conduct of NYPD personnel.   Supervisory personnel and others were apparently directly involved and became aware of, but ignored, the evidence and strong indications that Plaintiffs were innocent.

70.     But for the deliberate indifference of Defendant Kelly, and various NYPD John/Jane Does, in failing to adequately provide screening, training, supervision, and discipline of NYPD personnel, the innocent Plaintiffs would not have been charged and prosecuted.

71.     The aforesaid conduct operated, *inter alia*, to deprive Plaintiffs of important and well established rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiffs' right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, their right to be free from bad-faith prosecution, their right not to be subject to an unreasonable search and seizure, their right to a fair trial, their right to freedom from the deprivation of liberty without due process of law, and their right to be free from cruel and unusual punishment.

72.     The intentional conduct and/or reckless disregard of Plaintiffs' constitutional rights by Defendant Kelly, and various NYPD John/Jane Does, makes these Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

73.     As a direct and proximate result of the wrongful conduct of Defendant Kelly, and various NYPD John/Jane Does, Plaintiffs were wrongfully charged with crimes, falsely arrested, falsely imprisoned and maliciously prosecuted.  During all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

74.     Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

75.     Thus, pursuant to 42 U.S.C. § 1983, Plaintiffs now demand judgment against Defendant Kelly, and various NYPD John/Jane Does,  for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), punitive damages, plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

**FIFTH CAUSE OF ACTION
AGAINST THE CITY FOR ITS POLICY MAKERS'
WRONGFUL VIOLATION OF PLAINTIFFS' CIVIL
RIGHTS UNDER COLOR OF STATE LAW (MUNICIPAL LIABILITY)**

76.     Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 75, inclusive, with the same force and effect as if set forth at length herein.

77.     Municipalities and their subdivisions may be held liable to an individual if they enforce a policy or custom that causes the deprivation of the individual's constitutional rights.

78.     Municipal liability may be based upon:

  a.     a formally promulgated policy;

  b.     a well settled custom or practice;

  c.     a final decision by a municipal policymaker; or

  d.     deliberately indifferent training or supervision.

79.     Defendant City, by and through its final policymakers, maintained the following unconstitutional customs, decisions, policies, and/or indifferent employee training or supervision practices that allowed for various constitutional violations:

  a.     NYPD personnel systematically failed to disclose to prosecutors material information that was favorable to criminal defendants;

b.      NYPD personnel systematically fabricated inculpatory evidence and/or committed perjury against suspects in order to secure arrests and close cases;

c.      NYPD personnel systematically abused process by presenting false evidence to courts reviewing investigations, arrests and detention of suspects; and

d.      NYPD personnel systematically destroyed or secreted evidence, or recklessly disregarded the rights of the accused in timely producing evidence, to further their personal goals of obtaining and sustaining arrests and convictions.

80.     The City's unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices were: (a) deliberately or recklessly indifferent to a criminal defendant's constitutional rights, and (d) deliberately or recklessly indifferent to the issue of whether innocent people were being convicted of crimes.

81.     The City's municipality liability here is premised upon, among other things, its failure to adopt proper and reasonable policies and practices in the face of an obvious need to do so.

82.     The aforesaid conduct operated, *inter alia*, to deprive Plaintiffs of important and well established rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiffs' right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, their right to be free from bad-faith prosecution, their right not to be subject to an

unreasonable search and seizure, their right to a fair trial, their right to freedom from the deprivation of liberty without due process of law, and their right to be free from cruel and unusual punishment.

83.    As a direct and proximate result of the City's unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices, Plaintiffs were falsely charged, falsely imprisoned, and maliciously prosecuted.  During all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

84.    Thus, pursuant to 42 U.S.C. § 1983, Plaintiffs now demand judgment against Defendant City for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

### STATE LAW CAUSES OF ACTION

### SIXTH CAUSE OF ACTION
### AGAINST CERTAIN DEFENDANTS
### FOR FALSE ARREST/ FALSE IMPRISONMENT

85.    Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 84, inclusive, with the same force and effect as if set forth at length herein.

86.    Defendants Palacios and Pal, and various NYPD John/Jane Does, arrested and confined Plaintiffs, intentionally and without the right to do so.

87.    Defendants Palacios and Pal, and various NYPD John/Jane Does, did not have probable cause for believing that a crime had been committed and/or that Plaintiffs had committed one.

88.     Defendants Palacios and Pal, and various NYPD John/Jane Does, did not act as reasonably prudent persons in effecting the charges, arrest and confinement of Plaintiffs.

89.     Plaintiffs did not consent to the arrest and confinement by the aforementioned Defendants.

90.     Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiffs.

91.     Defendant City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

92.     As a direct and proximate result of the false arrest and false imprisonment by one or more of the aforementioned Defendants, Plaintiffs were forced to endure a wrongful arrest, unlawful proceedings and a wrongful imprisonment.  During all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

93.     Accordingly, Plaintiffs now demand judgment against Defendants Palacios and Pal, various NYPD John/Jane Does and Defendant City, for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), punitive damages, plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANTS PALACIOS
## & PAL FOR MALICIOUS PROSECUTION

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 93, inclusive, with the same force and effect as if set forth at length herein.

95.     Defendants Palacios and Pal initiated judicial proceedings against Plaintiffs intentionally and without the right to do so.

96.     Defendants Palacios and Pal did not have probable cause for believing that a crime had been committed and/or that Plaintiffs had committed one.

97.     Defendants Palacios and Pal did not act as reasonably prudent persons in initiating criminal proceedings against Plaintiffs.

98.     Following the initiation of judicial proceedings against Plaintiffs, Defendants Palacios and Pal maliciously continued to use judicial proceedings to harm and detain Plaintiffs, without probable cause, by intentionally fabricating evidence.

99.     Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiff.

100.    Defendant City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior.*

101.    As a direct and proximate result of the malicious prosecution by one or more of the aforementioned Defendants, Plaintiffs were forced to endure false charges, an arrest, criminal proceedings, and a wrongful imprisonment.  During all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

102.    Accordingly, Plaintiffs now demand judgment against Defendants Palacios and Pal, and Defendant City, for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), punitive damages, plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANT KELLY & VARIOUS NYPD
## JOHN/JANE DOE DEFENDANTS FOR NEGLIGENT SUPERVISION

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 102, inclusive, with the same force and effect as if set forth at length herein.

104.    Defendant Kelly, and various NYPD John/Jane Does, knew or should have known of the need for additional screening, training, supervising and disciplining of personnel, respectively at the NYPD to: (a) refrain from ignoring evidence of a criminal defendant's innocence; (b) refrain from misrepresenting withholding or falsifying evidence, (c) exercise care and thoroughness in the investigation and prosecution of a case of a crime involving no other evidence but a bare claim by a police officer; and (d) refrain from obtaining indictments in bad faith and without probable cause.

105.    Through intentional and deliberate indifference and/or a reckless disregard of basic civil rights, Defendant Kelly, and various NYPD John/Jane Does, failed to adequately provide for screening, training, supervising, and disciplining of their personnel with respect to (a) misrepresenting, withholding and falsifying evidence, (b) conducting a proper investigation, and (c) obtaining indictments in bad faith without probable cause.  This reckless disregard of basic constitutional rights is evidenced by decisions of the courts of the State of New York reporting that the NYPD engaged in various acts of misconduct and constitutional violations including: withholding exculpatory evidence from accused individuals, acting in a manner to obtain a conviction at all costs rather than seeking truth and justice and, generally, in failing to act in a constitutional capacity.

106.    Defendant Kelly, and various NYPD John/Jane Does, personally and/or through their authorized delegates, at all relevant times, had final, discretionary authority to promulgate and implement policies and procedures, including policies and procedures as to personnel training and supervision, with respect to the performance of duties by their personnel.

107.    Defendant Kelly, and various NYPD John/Jane Does, breached their duty to supervise their personnel to prevent an abuse of authority.

108.    Upon information and belief, personnel employed by the NYPD have not been disciplined for their misconduct, despite repeated judicial findings of misconduct.

109.    Defendant Kelly, and various NYPD John/Jane Does, knew or should have known that the need for adequate screening, training, supervising, and disciplining of NYPD personnel was and is compelling because of the overriding credo of these individuals to obtain and sustain convictions at all costs, with a deliberate and total disregard for the truth and the constitutional rights of the accused.

110.    Specifically, with respect to the NYPD Defendants named in this action, Defendant Kelly, and various NYPD John/Jane Does, knew or should have known of the inherent risks of permitting the individual Defendants named herein to handle Plaintiffs' criminal cases and the resulting evidence.

111.    Defendant Kelly, and various NYPD John/Jane Does, knew or should have known that the NYPD would do all in their power to obtain and sustain a criminal conviction.  This circumstance required an even more heightened and controlled level of supervision which should have been exercised or, alternatively, all conceivable steps

should have been taken to ensure that the NYPD would act ethically and, specifically in accordance with their duties as officers of the peace and quasi-judicial officers.

112.    However, rather than providing more scrutiny and supervision to avoid such concerns, Defendant Kelly, and various NYPD John/Jane Does, actually fostered and instigated the wrongful conduct of their personnel.  Supervisory personnel and others were apparently directly involved and became aware of, but ignored, the evidence and strong indications that Plaintiffs were innocent.

113.    But for the deliberate indifference of Defendant Kelly, and various NYPD John/Jane Does, in failing to provide adequate screening, training, supervision, and discipline of their personnel, the innocent Plaintiffs would not have been charged, prosecuted nor imprisoned.

114.    The aforesaid conduct operated, *inter alia*, to deprive Plaintiffs of important and well established rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and rights established by the Constitution of the State of New York, including Plaintiffs' right not be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, their right to be free from bad-faith prosecution, their right not to be subject to an unreasonable search and seizure, their right to a fair trial, their right to freedom from the deprivation of liberty without due process of law, and their right to be free from cruel and unusual punishment.

115.    As a direct and proximate result of the aforementioned unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices, Plaintiffs were falsely charged, falsely imprisoned, and maliciously prosecuted.  During

all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

116.    Defendant Kelly, and various NYPD John/Jane Does, are liable personally and in their official capacity for these acts which damaged Plaintiffs.

117.    Defendant City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

118.    Thus, pursuant to 42 U.S.C. § 1983, Plaintiffs now demand judgment against Defendant Kelly, various NYPD John/Jane Does and Defendant City, for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), punitive damages, plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

### NINTH CAUSE OF ACTION
### AGAINST CERTAIN DEFENDANTS
### FOR INFLICTION OF EMOTIONAL DISTRESS

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 118, inclusive, with the same force and effect as if set forth at length herein.

120.    Defendants Palacios and Pal, and various NYPD John/Jane Does, owed a duty of care to act ethically and within the rules of law, as police officers or quasi-judicial officers, to ensure a fair investigation, a fair trial and proper post-conviction proceedings free from misrepresentation.

121.    Defendants Palacios and Pal, and various NYPD John/Jane Does, failed to conduct themselves in that manner by intentionally fabricating false evidence and knowingly, recklessly or negligently withholding and ignoring exculpatory evidence

when they had an absolute duty to produce it and bring it promptly to the attention of the court and defense counsel.

122.    Defendants Palacios and Pal, and various NYPD John/Jane Does, did these outrageous, unethical and improper acts, thereby subjecting the innocent Plaintiffs to false criminal charges and the suffering that a conviction would create.

123.    Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiffs.

124.    Defendant City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

125.    As a direct and proximate result of the above-described outrageous conduct by one or more of the aforementioned Defendants, Plaintiffs were forced to endure false criminal charges, a wrongful arrest, unlawful criminal proceedings and a wrongful imprisonment.   During all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

126.    Accordingly, Plaintiffs now demand judgment against Defendants Palacios and Pal, various NYPD John/Jane Does and Defendant City, for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), punitive damages, plus attorney's fees, costs, expenses, and any other and further relief this Court deems just and proper.

## TENTH CAUSE OF ACTION
## AGAINST THE CITY FOR MUNICIPAL LIABILITY
## UNDER THE CONSTITUTION OF THE STATE OF NEW YORK

138.    Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 137, inclusive, with the same force and effect as if set forth at length herein.

139.    Municipalities and their subdivisions may be held liable to an individual if they enforce a policy, decision, practice or custom that causes the deprivation of the individual's rights under the Constitution of the State of New York.

140.    Municipal liability may be based upon:

    a.      a formally promulgated policy;

    b.      a well settled custom or practice;

    c.      a final decision by a municipal policymaker; or

    d.      deliberately indifferent training or supervision.

141.    Defendant City, by and through its final policymakers, maintained the following customs, decisions, policies, and/or indifferent employee training or supervision practices, that allowed for the violations of Article 1, §§ 6 and 11 of the New York State Constitution:

    a.      NYPD personnel systematically failed to disclose to prosecutors material information that was favorable to criminal defendants;

    b.      NYPD personnel systematically fabricated inculpatory evidence and/or committed perjury against suspects in order to secure arrests and close cases;

c.     NYPD personnel systematically abused process by presenting false evidence to courts reviewing investigations, arrests and detention of suspects; and

d.     NYPD personnel systematically destroyed, lost or secreted evidence, or recklessly disregarded the rights of the accused in timely producing evidence, to further their personal goals of obtaining and sustaining convictions.

142.     The City's unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices were: (a) deliberately or recklessly indifferent to a criminal defendant's constitutional rights, and (b) deliberately or recklessly indifferent to the issue of whether innocent people were being convicted of crimes.

143.     The City's municipal liability here is premised upon, among other things, their failure to adopt proper and reasonable policies and practices in the face of an obvious need to do so.

144.     The aforesaid conduct operated, *inter alia*, to deprive Plaintiffs of important and well established rights under Article 1, §§ 6 and 11 of the Constitution of the State of New York, including Plaintiffs' right not to be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, their right not to be subject to unreasonable search and seizure, their right to be free from a bad-faith prosecution, their right to a fair trial, their right to freedom from the deprivation of liberty without due process of law, and their right to be free from cruel and unusual punishment.

145.     As a direct and proximate result of the City's unconstitutional customs, decisions, policies and/or indifferent employee training or supervision practices,

Plaintiffs were falsely charged, falsely arrested, falsely imprisoned, maliciously prosecuted, and forced to endure unfair criminal proceedings.  During all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

146.    Accordingly, Plaintiffs now demand judgment against Defendant City for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

**ELEVENTH CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL DEFENDANTS FOR**
**THEIR WRONGFUL VIOLATION OF PLAINTIFFS'**
**CIVIL RIGHTS UNDER THE NEW YORK STATE CONSTITUTION**

147.    Plaintiff repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 146, inclusive, with the same force and effect as if set forth at length herein.

148.    Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, acting within the scope of their employment and under color of state law, wrongfully charged, arrested and/or detained Plaintiffs pursuant to legal process knowing that the only evidence linking Plaintiffs to the crimes alleged was a completely fabricated sworn statement compiled by the arresting officer (Palacios).   In short, the aforementioned Defendants knew or should have known that they did not have probable cause for an arrest, detention and prosecution of Plaintiffs.

149.    Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, maliciously and/or without probable cause initiated the criminal charges and prosecution against Plaintiffs by wrongfully submitting deliberate fabrications about the events of February 5, 2012.

150.    Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, misled the District Attorney's Office for Kings County by presenting sworn testimony that was undeniably false.

151.    The aforesaid conduct operated, *inter alia*, to deprive Plaintiffs of important and well established rights under Article 1, §§ 6 and 11 of the Constitution of the State of New York, including Plaintiffs' right not to be significantly detained pretrial except pursuant to a fair and reliable determination of probable cause, their right not to be subject to unreasonable search and seizure, their right to be free from a bad-faith prosecution, their right to a fair trial, their right to freedom from the deprivation of liberty without due process of law, and their right to be free from cruel and unusual punishment.

152.    As a direct and proximate result of the wrongful conduct of Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, Plaintiffs were falsely charged, falsely arrested, falsely imprisoned, maliciously prosecuted, and forced to endure unfair criminal proceedings.   During all of these events, Plaintiffs endured substantial physical, emotional and pecuniary injuries detailed above.

153.    The intentional conduct and/or reckless disregard of Plaintiffs' constitutional rights by Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, make these Defendants liable to Plaintiffs for violating the New York State Constitution under Brown v. New York, 89 N.Y.2d 172 (1996).

154.    Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiffs.

155.    Thus, Plaintiffs now demands judgment against Defendants Palacios, Pal and Kelly, and various NYPD John/Jane Does, for compensatory damages totaling Fifty

Million Dollars ($50,000,000.00), plus attorney fees, costs, expenses, and any other and further relief this Court deems just and proper.

## TWELFTH CAUSE OF ACTION
## AGAINST CERTAIN DEFENDANTS FOR
## THEIR ASSAULT & BATTERY OF PLAINTIFFS

156.    Plaintiff repeat, reiterate, and reallege each and every allegation set forth in this Complaint in paragraphs 1 through 155, inclusive, with the same force and effect as if set forth at length herein.

157.    Plaintiffs had an interest in freedom from the apprehension of a harmful or offensive contact (and from actual offensive contact).

158.    Since the conduct of Defendants Palacios and Pal, and various NYPD John/Jane Does, caused both Plaintiffs to anticipate a harmful or offensive contact, these Defendants are liable to Plaintiffs for the tort of assault.

159.    Since Defendants Palacios and Pal, and various NYPD John/Jane Does, also made harmful or offensive contact with both Plaintiffs, these Defendants are liable to Plaintiffs for the tort of battery.

160.    Each of the aforementioned Defendants is liable personally and in their official capacity for these acts which damaged Plaintiffs.

161.    Defendant City is liable for the wrongful acts and omissions of its servants, agents and/or representatives under the doctrine of *respondeat superior*.

162.    By reason of the foregoing, Plaintiffs were caused to sustain severe and permanent personal injuries, were caused to suffer severe pain and mental anguish and were caused to expend sums of money for medical services and related expenses which continue into the future.

163.    Accordingly, Plaintiffs now demand judgment against Defendants Palacios and Pal, various NYPD John/Jane Does and Defendant City, for compensatory damages totaling Fifty Million Dollars ($50,000,000.00), punitive damages, plus attorney's fees, costs, expenses, and any other and further relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

WHEREFORE, Plaintiffs demands JUDGMENT against Defendants as follows:

I.      For compensatory damages in the amount of Fifty Million ($50,000,000.00);

II.     For punitive damages in the amount of Fifty Million Dollars ($50,000,000.00);

III.    For reasonable attorneys' fees, together with costs and disbursements of this action pursuant to 42 U.S.C. § 1988 and the inherent powers of this Court;

IV.    For pre-judgment interest and post-judgment, as allowed by law; and

V.     For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
           December 31, 2012

Respectfully submitted,
Law Office of John F. Schutty, P.C.
Attorneys for Plaintiffs


By:_____/s_____
      John F. Schutty
      (JS 2173)
      445 Park Avenue, 9th Floor
      New York, NY 10022
      (212) 836-4796