# LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (212) 836-4796
Fax: (917) 591-5980
john@johnschutty.com

January 26, 2013

**VIA ECF & FAX**

The Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Hockenjos v. City of New York, Inc., et al.*
13-CV-0027 (WFK)(SMG)

Dear Magistrate Judge Gold:

My office represents Plaintiffs John Hockenjos, Jr. and Irina Hockenjos. I write in response to the letter-motion of the City of New York for a sixty (60) day extension of time to file an Answer or otherwise move with respect to the Complaint. For the reasons set forth below, Plaintiffs' oppose the City's motion *and cross-move for immediate assistance from the Court in obtaining the full names and addresses of the police officers involved in violating Plaintiff's civil rights* (an admitted wrongful arrest and issuance of false sworn statements supporting the alleged legality of that arrest).

As I advised counsel for the City Friday afternoon, Plaintiffs were compelled to file this civil rights action against several "John/ Jane Doe" Defendants because the City has refused to disclose, prior to litigation, the names and addresses of the police officers who were involved in the February 5, 2012 incident giving rise to my clients' claims. Thus far, Plaintiffs have only been able to identify Defendant Police Officer Diego Palacios fully by name -- because he signed the accusatory instruments against Mr. and Mrs. Hockenjos (he was, thereafter, indicted for filing false instruments and committing perjury). We still do not have a home address for Mr. Palacios, and my process server has been told that the 61st Precinct will not accept service of the Summons and Complaint for him because "he is no longer employed at that location." We have no other address for Mr. Palacios.

As to Defendant Sergeant "John Smith" Pal (NYPD Badge #3380), we have been unable to determine his first name or his present home or work address. Sergeant Pal was partnered with Police Officer Palacios on February 5, 2012, and Pal was directly involved in the tortious actions taken in violation of Plaintiffs' civil rights. Plaintiffs need Sergeant Pal's full name and present home/work address so he can be served with the Summons and Complaint by early next week. Again, my process server has been told

that the 61st Precinct will not accept service of the Summons and Complaint for "Sergeant Pal" because "he is no longer employed at that location."

From the duty roster log for the 61st Precinct, the Hockenjos Complaint Report, the Arrest Report (and the DD5's and Complaint Follow-Up Reports prepared in follow-up to the Complaint Report and Arrest Report), the Aided Reports, the Dispatch Logs, the Activity Log, the 61st Precinct Command Log, and an investigation subsequently performed by the NYPD's Internal Affairs Bureau, the City should be able, quite easily, to identify the police officers who personally responded to Sergeant Pal's request for assistance from the Hockenjos driveway on February 5, 2012 (those additional police officers engaged in tortious, physical contact with Plaintiffs). In connection with this latter request, Plaintiffs have already supplied the City with the badge numbers of the police officers who appeared and participated in the tortious activity described in the Complaint: #18902 [or 8902], #1806 [or 1896?], #26366 [or 6366], #7412, #2484, #1934, and #4885.

While my office would ordinarily unequivocally grant a colleague's request for an extension of time, here Plaintiffs may (and likely will) be seriously prejudiced if the City fails to cooperate in supplying the names and addresses of its employees prior to expiration of the one-year statute of limitations for intentional torts (while obtaining an extension of time to Answer the Complaint – to a date after the intentional tort statute of limitations expires). Ms. Wachs advised me Friday afternoon that she could not allow any "conditions" to be placed on my office's grant of a (lengthy) extension of time to answer the Complaint. We trust that the Court will see that Plaintiffs must insist on a *quid pro quo* – immediate cooperation from the City in identifying the involved police officers, in exchange for any grant of an extension of time, to protect Plaintiffs' substantive rights.

Your Honor, we respectfully request a conference to resolve the issue of identifying the NYPD wrongdoers as soon as possible, since the one year statute of limitations for some claims asserted against individual Defendants may expire by the middle of next week (February 5, 2013).

Sincerely yours,

*John F. Schutty*

cc: Melissa Wachs, Esq.
 The City of New York Law Department
 100 Church Street
 New York, New York 10007
 (Via ECF and Fax)