UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

JOHN HOCKENJOS, et al.,

                                            Plaintiffs,

                         -against-

THE CITY OF NEW YORK, et al.

                                            Defendants.

**ANSWER TO FIRST
AMENDED COMPLAINT ON
BEHALF OF THE CITY OF
NEW YORK**

13 CV 00027

**<u>JURY TRIAL DEMANDED</u>**

--------------------------------------------------------------------- x

Defendant City of New York for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1.      Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiffs purport to bring this action as stated therein.

2.      Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiffs purport to invoke this Court's jurisdiction as stated therein.

3.      Denies the allegations set forth in paragraph "3" of the amended complaint, except admits that plaintiffs purport to invoke this Court's jurisdiction as stated therein.

4.      Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that plaintiffs purports to lay venue in this district.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

6.      Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that the City of New York (the "City") is a municipal corporation

organized under the laws of the State of New York, and that parts of the City of New York are contained within the Southern District of New York.

7. Denies the allegations set forth in paragraph "7" of the amended complaint, except admits that the New York City Police Department ("NYPD") is an agency of the City of New York and respectfully refers the Court to the New York City Administrative Code and City Charter for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD").

8. Denies the allegations set forth in paragraph "8" of the amended complaint, except admits that defendants Palacois, Brathwaite, Foley, Marcillo, Bushuyev, and Amaya were employed by the City of New York as Police Officers on February 5, 2012, defendant Pal was employed by the City of New York as a police sergeant on February 5, 2012, and defendant Mastrokostas was employed by the City of New York as a police deputy inspector on February 5, 2012 and that these individuals were assigned to the 61st precinct on February 5, 2012.

9. Denies the allegations set forth in paragraph "9" of the amended complaint, except admits Defendant Ray W. Kelly is the Police Commissioner of the NYPD, and states that the allegation that he is the "most senior…policy maker within the NYPD" is a conclusion of law, rather than an averment of fact, to which no response is required.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint as they pertain to unidentified individuals.

11. Denies the allegations set forth in paragraph "11" of the amended complaint, except admits that defendants Palacois, Brathwaite, Foley, Marcillo, Bushuyev, and Amaya were

employed by the City of New York as Police Officers on February 5, 2012, defendant Pal was employed by the City of New York as a police sergeant on February 5, 2012, defendant Mastrokostas was employed by the City of New York as a police deputy inspector on February 5, 2012, that defendant Palacios was designated as plaintiff's "arresting officer", denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the employment of "John/Jane Does", and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether defendants Pal, Brathwaite, Foley, Mastrokostas, Bushuyev, "John/Jane Does" and Amaya were "involved" in plaintiff's arrest and states that the allegation that defendants were acting in their official capacities as employees of the City of New York is a conclusion of law, not an averment of fact, to which no response is required.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint, except admits that defendants Palacois, Brathwaite, Foley, Marcillo, Bushuyev, and Amaya were employed by the City of New York as Police Officers on February 5, 2012, defendant Pal was employed by the City of New York as a police sergeant on February 5, 2012, and defendant Mastrokostas was employed by the City of New York as a police deputy inspector on February 5, 2012, and states that the allegation that defendants were acting in their official capacities and in the scope of their employment are conclusions of law, not averments of fact, to which no response is required.

13. Paragraph "13" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

14. Paragraph "14" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

15.    Deny the allegations set forth in paragraph "15" of the amended complaint except admits that a document purported to be a Notice of Claim was received by the New York City's Comptroller's Office, on or about May 2, 2012, and that said purported claim has not been adjusted or settled.

16.    Admits the allegations set forth in paragraph "16" of the amended complaint.

17.    Paragraph "17" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" of the amended complaint, and respectfully refers the Court to the criminal complaint for an accurate recitation of the contents thereof.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint.

24.    Denies the allegations set forth in paragraph "24" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations

concerning whether plaintiffs sent a letter on January 9, 2012, the contents of any such letter, whether plaintiffs ever received a response to any such letter and plaintiffs' subjective beliefs.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the amended complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the amended complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the amended complaint, except admits that plaintiff was arrested by NYPD officers on February 5, 2012. .

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the amended complaint, except states that the allegations that defendants Brathwaite, Foley, Osvaldo, Bushuyev, Amaya, "and certain John/Jane Does . . . were obliged to ensure that the events were properly recorded by the complainant" and that these individuals "had a legal obligation to prevent the fabrication of

evidence. . . ." are conclusions of law, rather than averments of fact, to which no response is required.

      33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the amended complaint.

      34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the amended complaint.

      35.    Denies the allegations set forth in paragraph "35" of the amended complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff Irina Hockenjos was given a summons and charged with disorderly conduct.

      36.    Denies the allegations set forth in paragraph "36" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Pal, Brathwaite, Foley, Osvaldo, Bushuyev and Amaya.

      37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the amended complaint.

      38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the amended complaint.

      39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the amended complaint except admits that this matter generated press.

      40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the amended complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the amended complaint except admits Defendant Palacios was arrested on May 31, 2012.

42.     Denies the allegations set forth in paragraph "42" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "we now know."

43.     Denies the allegations set forth in paragraph "43" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' purported injuries.

44.     In response to the allegations set forth in paragraph "44" of the amended complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

45.     Denies the allegations set forth in paragraph "45" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyev, "various John/Jane Does" and Amaya and further states that the allegation that defendants were acting within the scope of their employment and under the color of law are conclusions of law, not averments of fact, to which no response is required.

46.     Denies the allegations set forth in paragraph "46" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyev, "various John/Jane Does" and Amaya and denies the remainder of the allegations.

47.     Denies the allegations set forth in paragraph "47" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyeve, "various John/Jane Does" and Amaya and further states that the allegation that defendants were acting within the scope of their employment and under the color of state law are conclusions of law, not averments of fact, to which no response is required.

48.     Denies the allegations set forth in paragraph "48" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

49.     Denies the allegations set forth in paragraph "49" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff John Hockenjos "faced false criminal charges" and any allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyeve, "various John/Jane Does" and Amaya.

50.     Paragraph "50" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

51.     Denies the allegations set forth in paragraph "51" of the amended complaint except admits plaintiffs seek damages as stated therein.

52.     In response to the allegations set forth in paragraph "52" of the amended complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

53.     Denies the allegations set forth in paragraph "53" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of

the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyeve, "various John/Jane Does" and Amaya and further states that the allegation that defendants were acting within the scope of their employment and under the color of state law are conclusions of law, not averments of fact, to which no response is required.

54.     Denies the allegations set forth in paragraph "54" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

55.     Paragraph "55" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

56.     Denies the allegations set forth in paragraph "56" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyeve and Amaya and the allegations concerning plaintiffs' purported injuries.

57.     Paragraph "57" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

58.     Denies the allegations set forth in paragraph "58" of the amended complaint except admits plaintiffs seek damages as stated therein.

59.     In response to the allegations set forth in paragraph "59" of the amended complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

60.     Paragraph "60" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

61.     Denies the allegations set forth in paragraph "61" of the amended complaint and all of its subparts.

62.     Denies the allegations set forth in paragraph "62" of the amended complaint and all of its subparts.

63.     Paragraph "63" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

64.     Denies the allegations set forth in paragraph "64" of the amended complaint, except states that the allegation that defendants Kelly, Mastrokostas and "various NYPD John/Jane Does were NYPD 'policy makers'" is a conclusion of law, rather than an averment of fact to which no response is required.

65.     Denies the allegations set forth in paragraph "65" of the amended complaint.

66.     Denies the allegations set forth in paragraph "66" of the amended complaint.

67.     Denies the allegations set forth in paragraph "67" of the amended complaint.

68.     Denies the allegations set forth in paragraph "68" of the amended complaint.

69.     Denies the allegations set forth in paragraph "69" of the amended complaint.

70.     Denies the allegations set forth in paragraph "70" of the amended complaint.

71.     Denies the allegations set forth in paragraph "71" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

72.     Denies the allegations set forth in paragraph "72" of the amended complaint.

73.     Denies the allegations set forth in paragraph "73" of the amended complaint.

74.     Denies the allegations set forth in paragraph "74" of the amended complaint.

75.     Denies the allegations set forth in paragraph "75" of the amended complaint except admits plaintiffs purport to seek damages as stated therein.

76.     In response to the allegations set forth in paragraph "76" of the amended complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

77.     Paragraph "77" of the amended complaint constitutes conclusions of law, rather than any averments of fact, to which no response is required.

78.     Paragraph "78" of the amended complaint, and each of its subparts, constitutes conclusions of law, not averments of fact, to which no response is required.

79.     Denies the allegations set forth in paragraph "79" of the amended complaint.

80.     Denies the allegations set forth in paragraph "80" of the amended complaint and all of its subparts.

81.     Denies the allegations set forth in paragraph "81" of the amended complaint, except admits that plaintiffs purport to proceed as stated therein.

82.     Denies the allegations set forth in paragraph "82" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

83.     Denies the allegations set forth in paragraph "83" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' purported injuries.

84.     Denies the allegations set forth in paragraph "84" of the amended complaint except admits plaintiffs purport to seek damages as stated therein.

85.     In response to the allegations set forth in paragraph "85" of the amended complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the amended complaint except admits plaintiff John Hockenjos was arrested, and denies that defendant Mastrokostas had any involvement in plaintiffs' alleged arrests.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the amended complaint.

88.     Denies the allegations set forth in paragraph "88" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyev, "various John/Jane Does" and Amaya.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the amended complaint.

90.     Paragraph "90" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

91.     Paragraph "91" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the amended complaint.

93.     Denies the allegations set forth in paragraph "93" of the amended complaint except admits plaintiffs purport to seek damages as stated therein.

94.     In response to the allegations set forth in paragraph "94" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

95.     Denies the allegations set forth in paragraph "95" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyev, "various John/Jane Does" and Amaya.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the amended complaint.

97.     Denies the allegations set forth in paragraph "97" of the amended complaint, including the presumption that defendants Pal, Brathwaite, Foley, Osvaldo, Bushuyev, "various John/Jane Does" and Amaya initiated criminal proceedings against plaintiff

and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Palacios..

98.     Denies the allegations set forth in paragraph "98" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to defendant Palacios.

99.     Paragraph "99" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

100.    Paragraph "100" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the amended complaint.

102.    Denies the allegations set forth in paragraph "102" of the amended complaint except admits plaintiffs purport to seek damages as stated therein.

103.    In response to the allegations set forth in paragraph "103" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

104.    Denies the allegations set forth in paragraph "104" of the amended complaint and all of its subparts.

105.    Denies the allegations set forth in paragraph "105" of the amended complaint and all of its subparts.

106.    Paragraph "106" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

107.     Denies the allegations set forth in paragraph "107" of the amended complaint.

108.     Denies the allegations set forth in paragraph "108" of the amended complaint.

109.     Denies the allegations set forth in paragraph "109" of the amended complaint.

110.     Denies the allegations set forth in paragraph "110" of the amended complaint.

111.     Denies the allegations set forth in paragraph "111" of the amended complaint.

112.     Denies the allegations set forth in paragraph "112" of the amended complaint.

113.     Denies the allegations set forth in paragraph "113" of the amended complaint.

114.     Denies the allegations set forth in paragraph "114" of the amended complaint.

115.     Denies the allegations set forth in paragraph "115" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' purported injuries.

116.     Paragraph "116" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

117.     Paragraph "117" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

118. Denies the allegations set forth in paragraph "118" of the amended complaint except admits plaintiffs purport to seek damages as stated therein.

119. In response to the allegations set forth in paragraph "119" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

120. Paragraph "120" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

121. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the amended complaint.

122. Denies the allegations set forth in paragraph "122" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether defendants Pal, Palacios and "various NYPD John/Jane Does" fabricated evidence.

123. Paragraph "123" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

124. Paragraph "124" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

125. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the amended complaint.

126. Denies the allegations set forth in paragraph "126" of the amended complaint except admits plaintiffs purport to seek damages as stated therein.

127.     In response to the allegations set forth in paragraph "138[1]" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

128.     Paragraph "139" of the amended complaint constitutes conclusions of law, rather than any averment of facts, to which no response is required.

129.     Paragraph "140" of the amended complaint and each of its subparts constitutes conclusions of law, rather than any averment of facts, to which no response is required.

130.     Denies the allegations set forth in paragraph "141" of the amended complaint and all of its subparts.

131.     Denies the allegations set forth in paragraph "142" of the amended complaint and all of its subparts.

132.     Denies the allegations set forth in paragraph "143" of the amended complaint, except admits that plaintiffs purport to proceed as stated therein.

133.     Denies the allegations set forth in paragraph "144" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

134.     Denies the allegations set forth in paragraph "145" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' purported injuries.

135.     Denies the allegations set forth in paragraph "146" of the amended complaint except admits the plaintiffs purport to seek damages as stated therein.

---

[1] The amended complaint does not contain Paragraphs entitled "127" through "137".

136.    In response to the allegations set forth in paragraph "147" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

137.    Denies the allegations set forth in paragraph "148" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyev, "various John/Jane Does" and Amaya.

138.    Denies the allegations set forth in paragraph "149" of the amended complaint including the presumption that defendants Pal, Brathwaite, Foley, Osvaldo, Bushuyeve, "various John/Jane Does" and Amaya initiated criminal proceedings against plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Palacios.

139.    Denies the allegations set forth in paragraph "150" of the amended complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to defendant Palacios.

140.    Denies the allegations set forth in paragraph "151" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required..

141.    Denies the allegations set forth in paragraph "152" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendants Palacios, Pal, Brathwaite, Foley, Osvaldo, Bushuyeve, "various John/Jane Does" and Amaya, and the allegations regarding plaintiffs' purported damages.

142.    Denies the allegations set forth in paragraph "153" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

143.    Paragraph "154" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

144.    Denies the allegations set forth in paragraph "155" of the amended complaint except admits the plaintiffs purport to seek damages as stated therein.

145.    In response to the allegations set forth in paragraph "156" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

146.    Paragraph "157" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the amended complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

149.    Paragraph "160" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

150.    Paragraph "161" of the amended complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

151.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the amended complaint.

152.     Denies the allegations set forth in paragraph "163" of the amended complaint, except admits that plaintiffs purport to seek relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

153.     The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

154.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

155.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

156.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

157.     There may have been probable cause for plaintiffs' arrests, detentions, and any prosecution(s).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

158.     Punitive damages cannot be awarded against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

159.    Some, or all, of Plaintiffs' state law claims may be barred for failure to comply with New York General Municipal Law §50-e, §50-i, 50-k and/or 50-h.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

160.    Plaintiffs may have failed to mitigate their alleged damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

161.    To the extent any force was used, such force was reasonable, necessary, and justified.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 15, 2013

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 442-6686

By:      _____/s/_____
         Melissa Wachs
         Assistant Corporation Counsel

13 CV 00027 (WFK)(SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN HOCKENJOS, et al.

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF
OF THE CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-310*
*New York, N.Y.  10007*

*Of Counsel:  Melissa Wachs*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................................, 20......*

*.................................................................................. Esq.*

*Attorney for..........................................................................*