

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MELISSA WACHS**<br>*Assistant Corporation Counsel*<br>Phone: (212) 442-6686<br>Fax: (212) 788-9776<br>mwachs@law.nyc.gov |

March 25, 2013

**VIA ECF**
Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: John Hockenjos, Jr., et al v. City of New York, et al.
       13- CV- 0027 (WFK)(SMG)

Your Honor:

   I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. Defendant City writes respectfully to request that the Court schedule a pre-motion conference to discuss its anticipated partial motion for judgment on the pleadings, pursuant to Fed R. Civ. P. 12(c), to dismiss plaintiffs' Monell Claim against the City of New York.

**A.**  **Factual Allegations and Procedural Background**

   On February 5, 2011, plaintiff John Hockenjos was arrested for Reckless Endangerment in front of 2368 East 23rd Street Brooklyn, New York and plaintiff Irina Hockenjos was issued a summons for disorderly conduct at the same location. On March 1, 2012, charges against plaintiff John Hockenjos were dismissed. Upon information and belief, plaintiff Irina's summons was dismissed several weeks later. On May 24, 2011, the arresting officer, Diego Palacios[1], was indicted, and subsequently pled guilty to making an apparently false sworn statement in the 2nd degree on February 7, 2013, in connection with the arrest of plaintiff John Hockenjos. Mr. Palacios subsequently resigned from the police department as part of his plea agreement.

---

[1] This Office does not represent Diego Palacios in this matter.

Plaintiffs filed the instant suit on or about January 3, 2013, alleging, *inter alia*, that they were falsely arrested/issued a summons in violation of their constitutional rights and that defendant City was liable for this violation under a theory of municipal liability pursuant to Monell. On or about February 5, 2013, plaintiff filed an Amended Complaint.

**B.  Plaintiffs Have Failed to Sufficiently Allege a Theory of Municipal Liability**

In the Amended Complaint ("AC") plaintiffs claim that they suffered a constitutional violation as a result of one or more of the following alleged policies or practices of defendant City's: (1) NYPD personnel systematically failed to disclose to prosecutors material information that was favorable to criminal defendants (AC at ¶ 79a); (2) NYPD personnel systematically fabricated inculpatory evidence and/or committed perjury against suspects in order to secure arrests and close cases (AC at ¶ 79b); (3) NYPD personnel systematically abused process by presenting false evidence to court reviewing investigations, arrest and detention of suspects (AC at ¶ 79c); and (4) NYPD personnel systematically destroyed or secreted evidence, or recklessly disregarded the rights of the accused in timely producing evidence, to further their personal goals or obtaining and sustaining arrests and convictions (AC at ¶ 79d).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is facially plausible only if the pleaded facts permit a court to reasonably infer that the defendant is liable for the alleged misconduct. Id. "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To state a claim against a municipality for the acts of its employees, a plaintiff must plausibly allege "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citation omitted); see Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "Following Monell and its progeny, a municipality cannot be held liable under § 1983 under a theory of respondeat superior." Abreu v. City of New York, 657 F. Supp. 2d 357, 360 (E.D.N.Y. 2009) (citations omitted). "Rather, there must be a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Plaintiffs' amended complaint asserts there is a casual connection between alleged practices of defendant City and the actions of the officers involved in this incident, absent any factual allegations supportive thereof.

"A section 1983 action may be maintained based on a practice that was so persistent or widespread as to constitute a custom or usage with the force of law." Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006) (citations omitted). "Monell's policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (citations omitted). In order to establish the claim, plaintiff must plead and prove "deliberate indifference" by policymakers – a "stringent" standard of fault. Id. (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). It is well-settled that "evidence of one instance" in

which municipal employees violated a citizen's rights is not enough to show an actionable custom or practice. Green, 465 F.3d at 81 (citation omitted); Turpin v. Mailet, 619 F.2d 196, 202 (2d Cir. 1980) ("a policy [can] not ordinarily be inferred from a single incident of illegality").

Regarding plaintiffs' claims that NYPD personnel systemically fabricates inculpatory evidence and forwards said evidence to the Court, those bald assertion are offered as proof of the thing itself. Beyond failing to provide evidence of this supposed practice, or make clear the connection between the alleged practice and the actions in this matter, this rhetorical tautology ignores the facts specific to this case, in which the arresting officer was investigated by the NYPD, both as an officer through the Internal Affairs Bureau, and as an individual who was arrested for a crime, and was eventually criminally prosecuted and resigned from the NYPD. The actions of NYPD directed at Diego Palacios following this incident demonstrate that, far from exhibiting deliberate indifference, an active interest was taken to ensure his actions would be addressed so that they would not be repeated. Plaintiffs' amended complaint sets forth no facts supporting their claim of a "custom or practice," or of policymakers' deliberate indifference to such a practice; accordingly, these claims should be dismissed to the extent they are based on alleged policies or practices that allegedly caused harm to plaintiffs on February 5, 2012. See 5 Borough Pawn, LLC. v. City of New York, 640 F. Supp. 2d 268, 299-300 (S.D.N.Y. 2009)(granting motion to dismiss Monell claim since, *inter alia*, plaintiff's complaint failed to "identify any other officers who behaved similarly to [the defendant officer]" and thus "[t]he plausible explanation for [the defendant officer's] actions is that he was a rogue officer who disobeyed City policy.").[2]

**C.  Conclusion**

For the foregoing reasons, defendant City respectfully requests a pre-motion conference to discuss its anticipated motion to dismiss the Monell Claim in plaintiffs' Amended Complaint.

Thank you for your consideration herein.

                                                    Respectfully submitted,

                                                    /s/
                                                    Melissa Wachs
                                                    *Assistant Corporation Counsel*

---

[2] To the extent plaintiffs argue that they need discovery to properly plead a Monell claim, any such argument has been expressly rejected by the Supreme Court. See Iqbal, 662 U.S. at 678-79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). See also 5 Borough Pawn, LLC, 640 F. Supp. 2d at 299 ("plaintiffs' pleading in this case 'does not unlock the doors of discovery,' . . . because their assertion that the City has an unconstitutional policy is based on nothing more than their unsupported supposition.")(quoting Iqbal, 662 U.S. at 678-79).

cc: John F. Schutty, Esq. (via ECF)