UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOHN HOCKENJOS and IRINA
PARAMONOVA HOCKENJOS,

                Plaintiff,

-against-                              MEMORANDUM AND ORDER

THE CITY OF NEW YORK,

                                                13-CV-27
                                                (Kuntz, J.)

                Defendants.

------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

This 42 U.S.C. § 1983 action arises out of the arrest of Plaintiff John Hockenjos and a related summons issued to Plaintiff Irina Paramonova Hockenjos. On May 30, 2014, Chief United States Magistrate Judge Steven M. Gold issued a *sua sponte* Report and Recommendation, which provided a detailed account of Plaintiffs' obstruction of discovery in this action and recommended dismissal of Plaintiffs' claims. The Report and Recommendation also found that appointment of a guardian *ad litem* was not justified. After *de novo* review, the Court adopts the Report and Recommendation in its entirety and dismisses the case.

## LEGAL STANDARD

A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1)(C). However, "[w]ithin fourteen days after being served with a copy of the recommended disposition [from a magistrate judge], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163,

169 (S.D.N.Y. 2003) (Knapp, J.). If an objection is made, a district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, if a party makes only "conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Barratt v. Joie,* No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (Swain, J.).

## DISCUSSION

### A. Relevant Factual and Procedural Background

The well-reasoned Report and Recommendation issued by Chief Magistrate Judge Gold gives lengthy explanation of Plaintiffs' refusal to comply with discovery in this action. The Court highlights key facts here.

Beginning from September 27, 2013, Plaintiffs have refused to provide medical records in discovery, despite bringing claims of injury requiring medical treatment. *See* Dkt. 88 ("R&R") at 2-3; Dkt. 69 (Tr. of 9/27/13) at 31-32. Instead of providing those records as Magistrate Judge Gold ordered, Plaintiffs sought a stay because they were allegedly suffering from post-traumatic stress disorder. R&R at 3; Dkt. 73; Dkt. 73-1. However, the affidavits that Plaintiffs submitted appeared to be inauthentic: they were not written on letterhead; did not use language typically employed by medical professionals; were worded identically (including the use of the word "his" for both Plaintiffs); and included phrases such as "Current response to treatment is slow, due to . . . distrust of authorities such as the NYPD to genuinely resolve, investigate and punish a pattern of misconduct, organized crime, coercion and extortion already alleged." R&R at 3-4; Dkt. 73-1. Plaintiffs were subsequently warned by Magistrate Judge Gold that he would recommend dismissal if they did not submit a formal request for a stay or provide

authorizations for their medical records by May 1, 2014. R&R at 4. Plaintiff did neither. R&R at 4; Dkt. 74. Aside from Plaintiffs' refusal to provide authorization as to their medical records, Plaintiffs have also failed to respond to interrogatories and document demands from October 2013. R&R at 2.

At a conference held on May 14, 2014, Plaintiffs' counsel withdrew based on his clients' refusal to provide medical authorizations. Dkt. 79 (Minute Order for 5/14/14 Motion Hearing). Also at that conference, Magistrate Judge Gold informed Plaintiffs that they could execute the medical authorizations in the courtroom. When Magistrate Judge Gold recessed to print them, Plaintiffs left and could not be found. R&R at 5; Dkt. 84 (Tr. of 5/14/14) at 15-16.

Magistrate Judge Gold issued a Report and Recommendation on May 30, 2014, and Plaintiffs filed their objections on June 16, 2014. *See* R&R, Dkts. 91 ("Objs."). Plaintiffs object to the portion of the Report and Recommendation that addresses their refusal to provide their medical records. *Id.* at 1. They state that they "stand ready to make ready their medical records available to Defendants, but wish to redact their birthdates and social security numbers from the medical records." *Id.* at 2. Plaintiffs express their fear of providing Defendant Palacios with their medical records, and explain that "[t]his reluctance does not indicate that [they] are unwilling to provide Defendants with all discovery to which they are entitled." *Id.* Plaintiffs further state that "these matters could have been resolved earlier if [their] attorney had taken the time to communicate with [them] about these concerns and plaintiffs had not been so sick after a recent job loss; recent sudden, unplanned hospitalizations and subsequent loss of income all related to [their] damages in this lawsuit." *Id.* Plaintiffs conclude by stating that they will provide the medical records or authorizations "within four weeks" of an order on the Report and Recommendation. *See id.* at 3.

B. Dismissal

Fed. R. Civ. P. 37 permits a district court to impose sanctions, including dismissal, on parties who engage in abusive litigation practices. *See Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (citing *Penthouse Int'l Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981)). These limitations apply with equal force to *pro se* parties, *see Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) ("all litigants, including pro ses, have an obligation to comply with court orders"), though dismissal with prejudice may be imposed only if "a warning has been given that noncompliance can result in dismissal," *Phelan v. Cambell*, 507 F. App'x 14, 15 (2d Cir. 2013) *cert. denied*, 134 S. Ct. 144 (2013) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam)).

Under these standards, the Court finds that dismissal of the case is justified. Over a period of at least eight months, Plaintiffs have refused to comply with discovery orders, despite being on notice that their action might be dismissed. Time and time again, they have deliberately and willfully impeded the proceedings of this action. Their Objections do little to justify their actions or convince the Court otherwise.

As a preliminary matter, Plaintiffs' Objections do not address the non-medical discovery they have failed to provide to Defendants. Plaintiffs state that they will provide discovery as to the medical records, but never state that they will provide discovery responses to cure their failures in discovery more generally. *See generally* Objs. This alone provides grounds for dismissal, given their persistent non-compliance in the face of Magistrate Judge Gold's warnings. *See* R&R at 6 ("[P]laintiffs have still not responded to interrogatories and document demands served last October."); *Phelan*, 507 F. App'x at 15-16 (affirming dismissal of complaint because plaintiff "willfully refused to comply with the magistrate judge's discovery orders").

Moreover, though Plaintiffs offer to provide medical records or authorizations with birth date and social security number redactions, this promise is unconvincing. Given that Plaintiffs have had over eight months to release the medical records, with or without redactions, their statement that they now need another four weeks to do so constitutes yet another attempt to delay this action. Indeed, the record reflects Plaintiffs' consistent efforts to resist disclosing the information, including one instance in which Plaintiffs *walked out* of a discovery conference while Magistrate Judge Gold was attempting to secure the authorization forms for them. Under these circumstances, the Court finds their belated promise to mitigate these failures unconvincing.

Finally, Plaintiffs do not address their submission of the seemingly inauthentic medical documents supporting their request for a stay. *See* Dkt. 73-1 (Affidavit re Motion to Stay Discovery). These purported medical documents are not written on letterhead, and they are word-for-word identical, even though they address the medical issues of two different Plaintiffs. *See id.* (both using the possessive pronoun "his"). Further, they contain language that reflects Plaintiffs' legal arguments, instead of medical diagnoses. *See id.* at 1-2. Despite the Report and Recommendation's explicit reference to the seeming inauthenticity of the documents, *see* R&R at 3, Plaintiffs do not address the issue in their Objections. This purported submission of falsified documents, and Plaintiffs' lack of attention to this serious problem, provides further justification for dismissal of the Plaintiffs' action. *See Campos v. Smith*, 418 F. Supp. 2d 277, 279 (W.D.N.Y. 2006) (Larimer, J.) (collecting cases) ("A plaintiff's knowing presentation of a falsified document to a court is sufficient grounds for dismissal of his complaint.").

Plaintiffs' belated assertions do not cure their over eight month long delay or their decision to leave a conference presided over by Magistrate Judge Gold on these very issues.

Additionally, the factual record as it stands contains ample evidence of Plaintiffs' refusal to comply with court orders, despite multiple warnings that their failure to do so could lead to dismissal. Thus, the Court finds that dismissal is well warranted. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal where plaintiff had defied the magistrate judge's orders over six months).[1]

C. Guardian Ad Litem

The Court adopts Magistrate Judge Gold's recommendation as to a guardian ad litem. *See* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). In this case, there is no evidence that Plaintiffs have been judged incompetent, and there is no verifiable evidence from a mental health professional demonstrating that they are being treated for mental illness of the type that would render them legally incompetent. *Cf. Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009) (district court erred by failing to consider appointment of guardian ad litem where an evaluation by a mental health professional indicated that he had difficulty functioning, and recommended that he have guardian ad litem in another proceeding). Because absent this kind of evidence, there is no obligation for a district court to "monitor a pro se litigant's behavior for signs of mental incompetence," the Court will not appoint a guardian. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201–02 (2d Cir. 2003) (Rule 17(c) does not require courts to make a *sua sponte* determination of a pro se litigant's mental competence). "Standing alone . . . a litigant's bizarre behavior is insufficient to trigger a mandatory inquiry into his or her competency." *Id.* at 202.

---

[1] To the extent that the Objections are stylized as a motion *in limine*, that motion is denied as moot.

## CONCLUSION

The Court adopts the findings of Magistrate Judge Gold's Report and Recommendation in their entirety. Based on Plaintiffs' willful and continuing obstruction of discovery through this case, this action is hereby DISMISSED without prejudice. No guardian ad litem will be appointed. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2014
      Brooklyn, New York